1   NICOLA T. HANNA
    United States Attorney
2   LAWRENCE S. MIDDLETON
    Assistant United States Attorney
3   Chief, Criminal Division
    DAVID T. RYAN        (Cal. Bar No. 295785
4   Assistant United States Attorney
                Section
5       1500 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-
7       Facsimile: (213) 894-
        E-mail:          @usdoj.gov
8
    Attorneys for Plaintiff
9   UNITED STATES OF AMERICA

10                  UNITED STATES DISTRICT COURT

11             FOR THE CENTRAL DISTRICT OF CALIFORNIA

12   UNITED STATES OF AMERICA,        No. CR 18MJ2623

13             Plaintiff,             GOVERNMENT'S NOTICE OF REQUEST FOR
                                      DETENTION
14             v.

15   BENJAMIN DRAKE DALEY ʼ

16             Defendant.

17

18       Plaintiff, United States of America, by and through its counsel

19   of record, hereby requests detention of defendant and gives notice of

20   the following material factors:

21   ☐  1.    Temporary 10-day Detention Requested (§ 3142(d)) on the

22             following grounds:

23       ☐  a.    present offense committed while defendant was on release

24             pending (felony trial),

25       ☐  b.    defendant is an alien not lawfully admitted for

26             permanent residence; and

27

28

1    ☐   c.   defendant may flee; or

2    ☐   d.   pose a danger to another or the community.

3  ☒  2.   Pretrial Detention Requested (§ 3142(e)) because no

4       condition or combination of conditions will reasonably

5       assure:

6    ☒   a.   the appearance of the defendant as required;

7    ☒   b.   safety of any other person and the community.

8  ☐  3.   Detention Requested Pending Supervised Release/Probation

9       Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C.

10       § 3143(a)):

11    ☐   a.   defendant cannot establish by clear and convincing

12         evidence that he/she will not pose a danger to any

13         other person or to the community;

14    ☐   b.   defendant cannot establish by clear and convincing

15         evidence that he/she will not flee.

16  ☐  4.   Presumptions Applicable to Pretrial Detention (18 U.S.C.

17       § 3142(e)):

18    ☐   a.   Title 21 or Maritime Drug Law Enforcement Act ("MDLEA")

19         (46 U.S.C. App. 1901 et seq.) offense with 10-year or

20         greater maximum penalty (presumption of danger to

21         community and flight risk);

22    ☐   b.   offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or

23         2332b(g)(5)(B) with 10-year or greater maximum penalty

24         (presumption of danger to community and flight risk);

25    ☐   c.   offense involving a minor victim under 18 U.S.C.

26         §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251,

27         2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4),

28

2

2260, 2421, 2422, 2423 or 2425 (presumption of danger to community and flight risk);

☐ d.  defendant currently charged with an offense described in paragraph 5a - 5e below, AND defendant was previously convicted of an offense described in paragraph 5a - 5e below (whether Federal or State/local), AND that previous offense was committed while defendant was on release pending trial, AND the current offense was committed within five years of conviction or release from prison on the above-described previous conviction (presumption of danger to community).

☒ 5.  Government Is Entitled to Detention Hearing Under § 3142(f) If the Case Involves:

☐ a.  a crime of violence (as defined in 18 U.S.C. § 3156(a)(4)) or Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum sentence is 10 years' imprisonment or more;

☐ b.  an offense for which maximum sentence is life imprisonment or death;

☐ c.  Title 21 or MDLEA offense for which maximum sentence is 10 years' imprisonment or more;

☐ d.  any felony if defendant has two or more convictions for a crime set forth in a-c above or for an offense under state or local law that would qualify under a, b, or c if federal jurisdiction were present, or a combination or such offenses;

3

1   ☐   e.   any felony not otherwise a crime of violence that

2       involves a minor victim or the possession or use of a

3       firearm or destructive device (as defined in 18 U.S.C.

4       § 921), or any other dangerous weapon, or involves a

5       failure to register under 18 U.S.C. § 2250;

6   ☒   f.   serious risk defendant will flee;

7   ☐   g.   serious risk defendant will (obstruct or attempt to

8       obstruct justice) or (threaten, injure, or intimidate

9       prospective witness or juror, or attempt to do so).

10   ☐   6.   Government requests continuance of _____ days for detention

11       hearing under § 3142(f) and based upon the following

12       reason(s):

13

14

15

16

17   //

18   //

19   //

20   //

21   //

22   //

23   //

24   //

25   //

26   //

27   //

28   //

4

1   ☐  7.   Good cause for continuance in excess of three days exists in

2   that:

3

4

5

6

7

8   Dated: August ~~X~~ 2018       Respectfully submitted,

9      October 2       NICOLA T. HANNA

10                  United States Attorney

                     LAWRENCE S. MIDDLETON

11                 Assistant United States Attorney

                     Chief, Criminal Division

12

13

14                 DAVID T. RYAN

                     Assistant United States Attorney

15                 Attorneys for Plaintiff

16                 UNITED STATES OF AMERICA

17

18

19

20

21

22

23

24

25

26

27

28

5