IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 3:18-CR-00025 (NKM) |
| v. | : | |
| BENJAMIN DRAKE DALEY<br>MICHAEL PAUL MISELIS<br>THOMAS WALTER GILLEN | : | |

## MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The United States of America, through counsel, respectfully moves this Court to designate this case as "complex" pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) and to schedule this case for trial on a mutually agreed upon date by counsel this Spring 2019. In support, the United States provides the following:

### I. BACKGROUND

On October 2, 2018, all four defendants were arrested in California after being charged in a criminal complaint issued from the Western District of Virginia. On October 10, 2018, a federal grand jury sitting in the Western District of Virginia returned an indictment charging all four defendants with (1) Conspiracy to Commit Riots, in violation of 18 U.S.C. § 371 and (2) a substantive violation of Riots, in violation of 18 U.S.C. § 2101. Defendants Daley, Miselis, and Gillen had their first appearance before a judicial officer in this District on November 1, 2019, and the final defendant, Cole White, had his first appearance on November 16, 2019. Because "[a]ll defendants who are joined for trial generally fall within the speedy trial computation of the latest defendant," Henderson v. United States, 476 U.S. 321, 323 n.2 (1986), the computation of time

1

for Speedy Trial act purposes commenced on November 16, 2019. Trial is currently scheduled in this matter on January 14, 2019.

## II. DISCUSSION

Under the Speedy Trial Act, a district court may exclude time resulting from a continuance based on findings that the ends of justice outweigh the best interests of the public and the defendant in a speedy trial. See 18 U.S.C. § 3161(h)(7)(A). In determining whether the ends of justice are so served, the factors, among others, which the Court may consider include:

> Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

18 U.S.C. § 3161(h)(7)(B)(ii); United States v. Reavis, 48 F.3d 763, 771 (4th Cir. 1995). The Speedy Trial Act provides "broad discretion" to a district court to grant such an exclusion when necessary to allow for preparation for trial. United States v. Rojas–Contreras, 474 U.S. 231, 236 (1985).

The government requests that this Court find designate this matter as complex within the meaning of § 3161(h)(7)(B)(ii) in light of the nature and amount of discovery. First, the case involves an extraordinary amount of discovery. To start, each of the defendants were subjects of investigations by the FBI regional offices in Charlottesville and California, that is, Los Angeles, and San Francisco. As part of discovery, the government has already provided a large portion of discovery (over 20,000 pages) as it relates to the FBI-Charlottesville investigation, which includes a substantial amount of video from the events of August 11 and August 12, 2017. In addition to that, however, the government is currently compiling discovery from FBI Offices in both greater

2

Los Angeles and San Francisco Bay areas to provide to the defense. Although the government expects substantial overlap, it nevertheless anticipates that once the defendants receive this information, the defense will need more time to process and review it than is currently contemplated by the current trial date.[1]

Second, the Central District of California is currently prosecuting the defendants' co-conspirators in a related case. Robert Rundo, Aaron Eason, Robert Boman, and Tyler Laube were all members of the Rise Above Movement with the defendants in this case. These defendants, however, elected not to attend the Unite the Right rally in Charlottesville. They are detained pending trial in the Central District of California for their involvement in the riots that occurred at Huntington Beach in March 2017 and Berkeley in April 2017. Trial in that matter is scheduled for July 2019. The government has requested copies of the CDCA discovery to provide to defense counsel in this case, which should provide additional information relevant to the defense. As to timing, the government anticipates it will receive this information from CDCA this month, at which point it will immediately process and copy that for the defense.

Third, the search warrants executed at the defendants' residence on October 2, 2018 yielded, among other things, 21 electronic devices. The FBI has accessed and downloaded all 21 devices, and is diligently working to process this information so that it can be packaged in a manner

---

1 The government understands that small portions of the investigation from California may contain classified information. The undersigned AUSA is seeking to review that information, and if discoverable, will seek to have it declassified for its disclosure to the defense. Although the government does not believe that protections under CIPA will need to be implemented, this nevertheless provides an additional complicating factor for discovery in this case. See e.g., United States v. Salad, 779 F.Supp. 2d 509 (E.D.Va. 2011) (certifying case as "complex" based on, among other grounds, the existence of possible classified material).

3

to provided it to the defense. Although the nature and extent of the evidence is not yet known, preliminary review indicates that it includes photos and video taken by RAM members at RAM trainings, as well as video footage from Defendant Miselis's Go-Pro video camera from August 11 and August 12, 2017. Finally, although the FBI has arranged logistics for the evidence to be transferred from California to Virginia, some of the evidence seized on October 2, 2018 – to include firearms and incendiary devices – cannot be transported pursuant to ordinary shipping protocols, and will take additional measures to ensure its availability (and potential testing) for trial.

In sum, for these reasons, the volume and the nature of the discovery justifies a finding that this case is "complex" such that "it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Speedy Trial Act]." To assess the evidence and prepare for trial and any relevant pretrial proceedings, the parties will need adequate time to review the relevant discovery and evidence provided.

### III. The Parties Will Meet and Confer On a New Trial Date

Counsel for the government has reached out to defense counsel to inform them of the government's intent to file this motion. The parties will confer and seek to reach several dates that are agreeable to the parties, and upon doing so, will contact the Court to ensure that one of them is amenable to the Court.[2] At that time, for the foregoing reasons, the United States respectfully requests that the Court grant this motion to certify this case complex, and further, to exclude the time between the granting of this motion and the trial date pursuant to 18 U.S.C. §

---

[2] If, for some reason, the parties cannot agree upon a trial date, the parties will reach out to the Court to schedule a status conference.

4

3161(h)(7)(B)(ii) because the ends of justice served by granting this motion outweigh the best interest of the public and the defendant in a speedy trial.

Respectfully submitted,

THOMAS T. CULLEN
UNITED STATES ATTORNEY

  /s/Christopher R. Kavanaugh
Christopher Kavanaugh, Va. Bar. 73093
Assistant United States Attorney
United States Attorney's Office
255 W. Main Street
Charlottesville, VA 22902
434-293-4283
christopher.kavanaugh@usdoj.gov

CERTIFICATE OF SERVICE

5

I hereby certify that on December 10, 2018, I electronically filed the foregoing motion with the Clerk of the Court using CM/ECF system, which will send notification of such filing to all counsel of record.

    /s/Christopher R. Kavanaugh
Christopher Kavanaugh, Va. Bar. 73093
Assistant United States Attorney
United States Attorney's Office
255 W. Main Street
Charlottesville, VA 22902
434-293-4283
christopher.kavanaugh@usdoj.gov