CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

12/14/2018

JULIA C. DUDLEY, CLERK
BY: H. Wheeler
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>BENJAMIN DRAKE DALEY, MICHAEL PAUL MISELIS, & THOMAS WALTER GILLEN,<br><br>*Defendants.* | CASE NO. 3:18-cr-00025<br><br>**ORDER**<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court upon the Government's motion to certify this case as complex and continue the trial of this matter. (Dkt. 69). This matter is presently scheduled for trial from January 14–18, 2019.

The basis for the Government's motion is that this case qualifies as "unusual" and "complex" under 18 U.S.C. § 3161(h)(7)(B)(ii) such that "it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself" within the time limits established by the Speedy Trial Act. This is so, the Government argues, because this case involves an "extraordinary amount of discovery," including over 20,000 pages of documents and a substantial body of video evidence; the Government is currently compiling additional discovery from FBI offices in Los Angeles and the San Francisco Bay area to provide to defense counsel; the Government awaits additional discovery from the U.S. Attorney's Office in the Central District of California, where other alleged members of the Rise Above Movement face prosecution; the FBI is processing evidence recovered from 21 electronic devices found in Defendants' residences; and "portions" of the evidence expected to be shared from the Central District of California prosecution "may contain classified information," requiring the Government to undertake declassification procedures before sharing these materials with defense

1

counsel. (Dkt. 69 at 2–4). Based on the Government's representations, Defendants do not object to this motion to continue. The parties have conferred and request a continuance of this trial to June 17–21, 2019.

The Speedy Trial Act generally requires that a criminal trial begin within seventy days of the filing of an information or indictment or the defendant's initial appearance. 18 U.S.C. § 3161(c)(1). However, the time required for various delays can be excluded from that timeframe, including delays resulting from a district court's finding that "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits" set forth in the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii). If a district court determines that a case is sufficiently unusual or complex, a continuance is in order so long as the court finds "that the ends of justice served by granting such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(a).

Having considered the Government's unopposed arguments and the factors set forth in § 3161(h)(7)(b), the Court finds that this case is both unusual and complex because of the large amount of discovery, the Government's coordination with prosecutors and law enforcement in California, the Government's continued efforts to process discovery from 21 electronic devices allegedly found in Defendants' residences, and the possibility that some discovery may contain classified information. Thus, the Court finds that a continuance is warranted under § 3161(h)(7)(B)(ii), and that "the ends of justice served by granting such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(a).

Accordingly, the Government's motion to certify this case as complex and continue trial is **GRANTED**. The trial in this matter is hereby **CONTINUED** to June 17–21, 2019. The time period between January 14, 2019 and June 17, 2019 will be excluded from the calculation of time under the Speedy Trial Act.

It is so **ORDERED**.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

Entered this __14th__ day of December, 2018.

*Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE