IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Case No. 3:18-cr-25 |
| BENJAMIN DALEY | ) |
| | ) |
| Defendant. | ) |

**DALEY'S FIRST MOTION IN LIMINE:
EXCLUSION OF EVIDENCE OF DEFENDANTS' POLITICAL VIEWS**

Evidence of Mr. Daley's political views must be excluded from trial. Such evidence is irrelevant under Federal Rule of Evidence 401. Any remaining probative value is overwhelmingly outweighed by danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, and wasting time. Fed. R. Evid. 403.

## Introduction

Benjamin Daley and three others were indicted by the grand jury in this district on October 10, 2018. Count One of the Indictment charges that Mr. Daley conspired to commit an offense against the United States in violation of 18 U.S.C. § 371. The offense alleged to be the object of the conspiracy is the Anti-Riot Act, 18 U.S.C. § 2101 which criminalizes travel in interstate commerce with the intent to riot. Count Two of the indictment charges Mr. Daley with the substantive offense of traveling in interstate commerce with the intent to riot, in violation of 18 U.S.C. § 2101, and aiding and abetting the commission of that offense.

1

The indictment alleges, *inter alia*, that the defendants "associated with a white-supremacist organization that eventually became known as the 'Rise Above Movement,' or 'RAM.'" ¶ 5. The indictment further alleges that RAM as an entity, and its members individually, identified as "alt-right" and "nationalist," and expressed "anti-Semitic, racist, and white supremacist views and promoted violence against those they believed held opposing views." *Id.*

At its core, the indictment charges Mr. Daley with travelling to Charlottesville to attend the "Unite the Right" rally while having the intent to incite a riot; or to organize, promote, encourage, participate in, and carry on in a riot; or to commit an act of violence in furtherance of a riot; or to aid or abet any person in one of those things. During the course of such travel or thereafter, Mr. Daley is alleged to have performed or attempted to perform an overt act towards inciting a riot, or towards organizing, promoting, encouraging, participating in or carrying on in a riot, or towards committing an act of violence in furtherance of a riot, or towards aiding and abetting any person in one of those objectives.

This Court will hear argument on Mr. Daley's motion to dismiss the indictment on April 22, 2019.

## **Elements of the Offenses**

To convict under Count One, the Government must prove that there was an agreement to commit a crime (violation of the federal Anti-Riot Act), that Mr. Daley willingly participated in the agreement, and agreed with at least one other person to violate the federal Anti-Riot Act, and that at least one member of the conspiracy

2

committed an overt act to further an objective of the conspiracy. *Ocasio v. United States*, 136 S.Ct. 1423, 1428-29 (2016).

> Conviction under Count Two, the Anti-Riot Act, requires proof of
>
> the use of a facility of interstate commerce with the intent
> (A) to incite a riot; or
> (B) to organize, promote, encourage, participate in, or carry on a riot; or
> (C) to commit any act of violence in furtherance of a riot; or
> (D) to aid or abet any person in inciting or participating in or carrying on a riot or committing any act of violence in furtherance of a riot * * *.
> 18 U.S.C. § 2101(a).

The Government also must demonstrate that the defendant committed another overt act for "any purpose specified" in subparagraphs (A) through (D). *United States v. Markiewicz*, 978 F.2d 786, 814 (2nd Cir 1992).

To convict under Count Two, the Government must prove that Mr. Daley traveled (in interstate commerce) with the specific intent to "riot," "incite a riot," etc. 18 U.S.C. § 2101. The terms "riot" and "incite a riot" are given fuller definitions in 18 U.S.C. § 2102(a) and (b). The Government must also prove that Mr. Daley committed an overt act with the specific intent to "riot," "incite a riot," etc.

## **Government's Theory of the Case**

The narrative running through the Indictment and the Government's response to Mr. Daley's Motion to Dismiss is that Mr. Daley is guilty of holding and expressing racist and Anti-Semitic political views, and because he holds and expresses such views he is guilty conspiring to riot and inciting to riot at a racist and anti-Semitic lawfully permitted rally. The Indictment calls the "Unite the

3

Right" rally an event featuring "a lineup of well-known white supremacist speakers." ¶ 1. The participants in the torch-lit march were described as "engag[ing] in chants promoting or expressing white-supremacist and other racist and anti-Semitic views," who were opposed by members of a group holding a banner that read "VA Students Against White Supremacy." ¶ 2. The "Unite the Right" rally was characterized as "multiple groups and individuals espousing white-supremacist and other anti-Semitic and racist views." Mr. Daley was identified as "associated with a white-supremacist organization" that "expressed through various social-media platforms and other means, anti-Semitic, racist, and white-supremacist views." ¶ 3.

In its Omnibus Response to Defendants' Motion to Dismiss, the Government states its view of the case clearly: "The case before this Court is about four individuals that turned their political views into violent action, and in doing so, they violated federal law." Resp. at p. 1. Part of the evidence the Government plans to introduce at trial is that months after the "Unite the Rally" the defendants travelled to Ukraine to "meet with other white nationalist groups, including the neo-Nazi Ukrainian National Guard." Resp. at p. 5. Defending the Indictment, the Government pointed out that it "details that Defendants' openly expressed anti-Semitic, racist and white supremacist views." Resp. at p. 9.

## The Evidence of Mr. Daley's Alleged Political Views is Precluded by Statute

The evidence of Mr. Daley's political views, particularly his purported racist and anti-Semitic views, is specifically excluded by the statute he is charged with violating and conspiring to violate. Title 18, United States Code, Section 2102(b) expressly limits the definition of "riot" in this way:

> but shall not be deemed to mean the mere oral or written (1) advocacy of ideas or (2) expression of belief, not involving advocacy or any act or acts of violence or assertion of the rightness or, or the right to commit, any such at or acts.

To prove the allegations that Mr. Daley "expressed anti-Semitic, racist and white supremacist views" and belonged to an organization that "expressed anti-Semitic, racist and white supremacist views," the Government intends to introduce evidence of Youtube videos, Facebook postings, Twitter messages and other social media that are expressions of belief or ideas, but do not involve advocacy of acts of violence. By the very text of the statute itself, this evidence must be excluded.

## The Evidence of Mr. Daley's Alleged Political Views is Not Relevant

Federal Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401; *see also United States v. Leftenant*, 341 F.3d 338, 346 (4th Cir. 2003) (to meet the relevance standard, evidence must be "worth consideration by the jury" or have a "plus value"). Rule 402 provides that "evidence which is not relevant is not admissible." Fed. R. Evid. 402.

5

Evidence of Mr. Daley's "expressed anti-Semitic, racist and white supremacist views" is not relevant for any purpose that would be permissible under 18 U.S.C. § 2012(b). Racial or religious animus is not an element of either of the crimes Mr. Daley is charged with. Unlike the federal "hate crime" statutes, e.g. 18 U.S.C. § 245 or 18 U.S.C. § 249, there is no requirement that the crime be motivated because of the "race, color, religion or national origin" of "any person." If Mr. Daley conspired to riot or incited a riot, his racial or religious or ethnic reasons for doing so are irrelevant.

### The Evidence of Mr. Daley's Alleged Political Views Fails Rule 403 Balancing

Even if the Court were to deem this evidence relevant under Rule 401, it should still be excluded under Rule 403. Rule 403 provides that the Court may "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. In assessing the probative value of evidence under a Rule 403 evaluation, the Court "must weigh the marginal probative value of admission versus the marginal danger of admission in view of the entire record, including potential evidentiary alternatives." *United States v. Bellinger*, 652 Fed. Appx. 143, 2016 U.S. LEXIS 10667, *18 (4th Cir. June 13, 2016); *see also Carnell Constr. Corp. v. Danville Redevelopment & Hous. Auth.*, 745 F.3d 703, 719 (4th Cir. 2014) (same).

6

"What counts as the Rule 403 'probative value' of an item of evidence, as distinct from its Rule 401 'relevance,' may be calculated by comparing evidentiary alternatives." *Old Chief v. United States*, 519 U.S. 172, 184, 117 S. Ct. 644, 136 L. Ed. 2d 574 (1997). Meanwhile, "[t]he term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the fact finder into declaring guilty on a ground different from proof specific to the offense charged." *Id.*, 519 U.S. at 180. "Unfair" prejudice is "prejudice that damages an opponent for reasons other than its probative value, for instance, an appeal to emotion …." *United States v. Mohr*, 318 F.3d 613, 620 (4th Cir. 2003); *see also United States v. Smallwood*, 306 F. Supp. 2d 582, 587 (E.D.Va. 2004) (Ellis, J.) ("The advisory committee's note and controlling authority interpreting the Rule define unfair prejudice as 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'")

In determining whether the evidence of racial and religious animus is probative of a relevant fact, the Government would first have to identify exactly what statements, images, etc., it intends to introduce, as generalized statements about "anti-Semitic, racist and white supremacist views" are too vague for analysis. Assuming the Government identifies specific statements prior to trial, it would then have to identify for what purpose they are offered so the weight of the probative value can be judged against the prejudicial effect.

The Fourth Circuit has explained the extreme caution with which the trial court must treat racially and religiously charged evidence. In *United States v.*

7

*Young*, 916 F.3d 368, 379 (4th Cir. 2019), the Court approved the admission of "Nazi and white-supremacist paraphernalia" seized from the home of defendant in a terrorist case in which the defendant raised an entrapment defense because the paraphernalia showed the defendant's predisposition, and because the court gave limiting instructions with specific cautions that "blunted" the prejudicial effect:

> So I want you to understand that he is not being charged and you cannot find him guilty for possessing Nazi or anti-Semitic literature. He's not being charged with that, he cannot be convicted for that, but the evidence is being allowed in [to consider] ... whether or not it helps or doesn't help to establish the predisposition issue, all right?

*Id.*

Mr. Daley does not intend to raise an entrapment defense. Nor is this a terrorism case. There is no factual dispute that Mr. Daley traveled from California to Charlottesville to attend the "Unite the Right" rally. The factual issues for the jury are instead Mr. Daley's intent at the time he traveled, and whether or not he committed an overt act. Evidence showing that at the time he left California he held and had expressed racist and Anti-Semitic political views, and that he traveled for the purpose of attending a political event, the "Unite the Right" rally, featuring "a lineup of well-known white supremacist speakers" is not proof that he conspired to incite a riot at that lawfully-permitted rally or that he intended to incite a riot at the lawfully-permitted rally. To the extent it has any marginal relevance, it is necessarily prejudicial— particularly to a jury drawn from a community that continues to live with the after-effects of the events of August 11 and 12.

8

## Conclusion

The Court should exclude any evidence regarding Mr. Daley's political beliefs from trial.

Respectfully submitted,

BENJAMIN DALEY

By Counsel

Counsel:
/s Lisa M. Lorish
Lisa M. Lorish (VSB No. 81465)
Assistant Federal Public Defender
Office of the Federal Public Defender
401 E. Market St, Ste 106
Charlottesville, VA 22902
Tel (434) 220-3380

Frederick T. Heblich, Jr. (VSB 21898)
Assistant Federal Public Defender
Office of the Federal Public Defender
401 E. Market Street, Ste. 106
Charlottesville, VA 22902
Tel. (434) 220-3386

## CERTIFICATE OF SERVICE

I hereby certify that on 18th day of April 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: counsel of record; and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: none.

s/ Lisa M. Lorish
Asst. Federal Public Defender